# UNITED STATES DISTRICT COURT
## for
## MIDDLE DISTRICT OF PENNSYLVANIA

U.S.A. vs. **Bernard Berlow** _____          Docket No. __3:CR-02-108_____

## Petition on Probation and Supervised Release

**COMES NOW** Anthony Harvilla, SENIOR PROBATION OFFICER OF THE COURT presenting an official report upon the conduct and attitude of Bernard Berlow, who was placed on Supervised Release by The Honorable Richard P. Conaboy sitting in the Court at Scranton, on the 3rd day of September 2002, who fixed the period of supervised release at two (2) years, and imposed the general terms and conditions theretofore adopted by the Court and also imposed the special condition as follows:

1)  The defendant shall make restitution in the amount of $247,674.21 to the Clerk of Court.

On August 13, 2003, the subject commenced his term of supervised release.

### RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE:

Due to a lack of financial resources, Bernard Berlow will be unable to satisfy the restitution balance of $245,499.21 by the expiration date of August 12, 2005.  The subject has fully complied with the remaining conditions of supervised release.

On July 15, 2005, Bernard Berlow executed the attached agreement regarding his unpaid restitution obligation.  He has agreed to continue making monthly restitution payments through the Clerk of Court following the expiration of her supervised release.  In view of the agreement, the Probation Office recommends that the subject's supervised release be allowed to expire as originally set by the Court.

**PRAYING THAT THE COURT WILL ORDER** that the restitution balance be treated as a civil obligation and that the period of supervised release be permitted to expire as schedule on August 12, 2005.

**ORDER OF COURT**

Considered and ordered this **20 th** day of _____, 2005, and ordered filed and made a part of the records in the above case.

_Richard P. Conaboy_
Richard P. Conaboy
U.S. District Judge

I declare under the penalty of perjury that the foregoing is true and correct.

_Anthony C. Harvilla_
Anthony C. Harvilla
Officer-In-Charge

Place: _Wilkes Barre, PA_
Date: _July 18, 2005_

**FILED
SCRANTON**

JUL 2 0 2005

MARY E. D'ANDREA, CLERK
Per_____ CTC
**DEPUTY CLERK**

## UNITED STATES ATTORNEY'S OFFICE
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| Plaintiff | : | |
| | : | |
| vs. | : | Dkt. No:   3:CR-02-108 |
| | : | |
| BERLOW, BERNARD | : | |
| Defendant | : | |

### AGREEMENT REGARDING UNPAID RESTITUTION

The following agreement is entered into by

## BERNARD BERLOW

defendant in the above-captioned case, in recognition of his obligation to the victim to whom restitution is owed based upon the offense charged at the above-captioned number and the judgment and commitment entered by The Honorable Richard P. Conaboy in the above-captioned case. In recognition of this obligation, and fully intending to be legally bound, the defendant acknowledges and agrees as follows:

1.     On September 3, 2002, the defendant was sentenced based on his conviction at the above-captioned criminal number and directed by this Court to make restitution in the amount of $247,674.21 in minimum monthly installments of $100.

2.     The defendant acknowledges that he has failed to satisfy the restitution portion of the Court's sentence and that he presently owes the victim the amount of $245,499.21.

3.     The defendant realizes that his failure to pay the above restitution could form a basis for the revocation of supervised release and re-sentencing by District Court.

4.     Based on the above, and in consideration of forbearance or immediate execution upon assets owned by the defendant, the defendant hereby agrees to make restitution payments to the victim through the Clerk of Court in amounts of not less than $100 per month commencing on August 12, 2005, and due thereafter on the 12th of each succeeding month.

5.     Upon failure or refusal to pay the restitution payments aforesaid, the defendant further agrees to the entry of judgment for the total unpaid restitution in the amount of $245,499.21 and authorizes the named victim, or their attorney, to enter judgment against him for said amount, plus costs, and attorney fees.  It is the defendant's intention that he be bound by this agreement and that judgment be entered pursuant to Rule 2951(a) of the PA Rules of Civil Procedure.

Bernard Berlow

DATED: JULY 15 , 2005